# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### DECEMBER SESSION, 1996

FILED

June 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9602-CC-00066 |
| Appellee | ) | |
| | ) | McMINN COUNTY |
| vs. | ) | |
| | ) | Hon. R. STEVEN BEBB, Judge |
| GUSSIE WILLIS VANN, | ) | |
| | ) | (Felony Murder - Death Penalty; |
| Appellant | ) | Incest) |

## SEPARATE CONCURRING

I concur in the result reached by the majority in affirming all convictions and the appellant's sentence of death. I write separately only to address the issue of whether the indictment for incest is fatally defective for failing to include the requisite *mens rea*. I agree that the indictment is valid, but for reasons other than those articulated by the majority. The majority relies upon State v. Marshall, 870 S.W.2d 532, 537 (Tenn. Crim. App. 1993). In Marshall, this court held that the *mens rea* is an essential element of an offense and, therefore, must be included in the indictment. Id. at 537. This court further held that, if the *mens rea* is implicit in the allegations contained in the indictment, the indictment is adequate. Id. at 538. The majority applies this rationale, concluding that the mental state of "knowingly" is "necessarily implied by the allegations in the indictment."

However, as noted by the majority, the legislature did not include the requisite mental state in the definition of the offense of incest, permitting the application of any one of three mental states set forth in Tenn. Code Ann. § 39-11-301(c). I would simply adhere to this court's position in State v. Dison, No. 03C01-9602-CC-00051 (Tenn. Crim. App. at Knoxville, Jan. 31, 1997), in which we held that, under these circumstances, the accused's culpable mental state is

not an essential element of the offense and need not be alleged in the

indictment.

_____
DAVID G. HAYES, Judge